Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd. Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiff MICHAEL MOODY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV09-04705 PSG (CWx)

| | |
|---|---|
| MICHAEL MOODY, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| NCO FINANCIAL SYSTEMS, INC.; and CAPITAL ONE BANK (USA), N.A.; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for *inter alia* violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.  Plaintiff MICHAEL MOODY, is a natural person residing in the state of California, County of Los Angeles.

4.  Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO") is a corporation doing business of collecting debts in California operating from an address at 3850 N. Causeway Blvd., Metaire, LA 70002. Its agent for Service of Process is CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

5.  Defendant CAPITAL ONE BANK (USA), N.A. is a national banking association doing business of collecting its own debts in California operating from an address at 1680 Capital One Dr., McLean, VA 22102.

6.  Defendants are engaged in the collection of debts from consumers using the mail and telephone.

7.  NCO regularly attempts to collect consumer debts alleged to be due to another.

8.  NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

9.  NCO is a "debt collector" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

10. CAPITAL ONE is a "debt collector" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

11. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal,

beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

12. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

13. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and the Rosenthal Act, Cal. Civ. Code §1788.2(d).

14. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

15. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

16. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

17. In or around June 2008, Plaintiff lost his job and had difficulty paying his debt.

### *CAPITAL ONE*

18. Plaintiff therefore requested a payment plan on his CAPITAL ONE account (the "DEBT"), and CAPITAL ONE refused.

19. Plaintiff also requested that CAPITAL ONE close his account, and CAPITAL ONE refused.

20. Instead CAPITAL ONE continued to increase Plaintiff's balance.

21. In or around March 2009, CAPITAL ONE began calling Plaintiff in an attempt to collect the DEBT.

22. Over the course of approximately two months CAPITAL ONE called with such frequency and persistence as to constitute harassment.

23. On more than one occasion, CAPITAL ONE called Plaintiff more than once on a single day.

24. On a certain day CAPITAL ONE called Plaintiff approximately eight times.

25. CAPITAL ONE also frequently called Plaintiff on his cell phone without his express consent.

26. The calls to Plaintiff's cell phone frequently came while he was at school and disrupted his studies.

27. Plaintiff repeatedly requested CAPITAL ONE to stop calling him on his cell phone and CAPITAL ONE ignored his request.

28. CAPITAL ONE used an automatic dialing system and artificial and/or prerecorded voice on the calls placed to Plaintiff's home and cell phone.

29. CAPITAL ONE disclosed the existence of the DEBT to Plaintiff's mother.

### *NCO*

30. In or around May 2009, NCO began calling Plaintiff in an attempt to collect the DEBT.

31. Over the course of approximately two months NCO called with such frequency and persistence as to constitute harassment.

32. On more than one occasion, NCO called Plaintiff more than once on a single day.

33. On a certain day NCO called Plaintiff approximately seven times.

34. Plaintiff provided NCO his attorney's name and contact information and requested that any further collection activity be directed to his attorney.

35. NCO stated that they could call whoever they wanted whenever they wanted or words to that effect.

36. NCO continued to call Plaintiff after they had knowledge of Plaintiff's attorney and after Plaintiff requested such calls to stop.

37. NCO disclosed details about the debt to Plaintiff's mother.

38. As a result of the acts alleged above, Plaintiff suffered headaches, nervousness, fear, worry, unhappiness, stress, emotional distress and loss of concentration on his schoolwork.

39. Defendants' conduct forced him to purchase aspirin.

40. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendant NCO for Violation of the FDCPA)

41. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

42. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff;

    (b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

    (d) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

    (e) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (f)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (g)    The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

    (h)    The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing his/her identity;

    (i)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (j)    The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

    (k)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

43.    As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

44.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

45.    Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b)    The Defendants violated California Civil Code §1788.11(e) by

    communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

  (c) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

46. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

48. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII. THIRD CLAIM FOR RELIEF
### (As against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs and Public Disclosure of Private Facts)

49. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

50. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

51. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

52. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

53. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

54. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//

## VIII. FOURTH CAUSE OF ACTION

### (Against Defendant CAPITAL ONE For Violation of TCPA)

55. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

56. Defendants improperly invaded the privacy rights of Plaintiff and violated the TCPA by the above-described actions. Defendants violations include, but are not limited to, the following:

    (a) By repeatedly making calls, and by transmitting prerecorded or artificial messages, to the Plaintiff's cell phone for which the party is charged for the call using an automated telephone dialing system without Plaintiff's express consent, Defendant engaged in conduct which violated 47 U.S.C. §227(b)(1)(A)(iii); and

    (b) By repeatedly making calls, and by transmitting prerecorded or artificial messages, to the Plaintiff's residence using an automated telephone dialing system without Plaintiff's express consent, Defendant engaged in conduct with violated 47 U.S.C. §227(b)(1)(B).

57. As a result of the above violations of the TCPA, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants conduct violated the TCPA, Plaintiffs' actual damages, statutory damages of $500 for each call, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(d) $500 per automated phone call as alleged above, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3)

(d) For punitive damages;

(e) For such other and further relief as the Court may deem just and proper.

Date: 6/26/09

_____
Jeremy S. Golden,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 6/26/09

_____
Jeremy S. Golden,
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV09- 4705 PSG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY